IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JERMAINE R. REVERE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-031 |
| | ) | |
| SAM ZANDERS, Deputy Warden of | ) | |
| Care & Treatment, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court on Defendants' unopposed motion to stay discovery, (doc. no. 24), pending resolution of the pre-answer motion to dismiss filed by two of the three defendants in this case, (doc. no. 23). For the reasons set forth below, the Court **GRANTS** the motion to stay.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman, 176 F.R.D. at 652 (internal citation and quotation omitted).

Because the motion to dismiss seeks dismissal of all but one claim against one of three named Defendants, (doc. no. 23-1, pp. 3-7), it has the *potential* to restrict the breadth of discovery significantly, White v. Georgia, 1:07-CV-01739, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007), and discovery should be stayed pending its consideration. See Feldman, 176 F.R.D. at 652-53; Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005); In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 338 n.7 (N.D. Ill. 2005).

Thus, the Court hereby **GRANTS** Defendants' motion (doc. no. 24) and **STAYS** all discovery in this action pending resolution of Defendants' motion to dismiss.

SO ORDERED this 22nd day of January, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA