IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JERMAINE R. REVERE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-031 |
| | ) | |
| SAM ZANDERS, Deputy Warden | ) | |
| of Care & Treatment; MARIE YAWN, | ) | |
| Medical Administrator; and DR. MURRAY | ) | |
| CHENEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Smith State Prison in Glennville, Georgia, who is proceeding *pro se* and *in forma pauperis* ("IFP"), commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison ("TSP") in Helena, Georgia. The matter is presently before the Court because dismissed Defendant Dees, as well as current Defendants Zanders and Yawn, have filed a motion to dismiss. (Doc. no. 23.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED** and that this case proceed only as to the Eighth Amendment claim for deliberate indifference against Defendant Cheney.

## I. BACKGROUND

In his amended complaint, Plaintiff named four Defendants: (1) Dianne Dees, Deputy Warden of Care and Treatment at TSP; (2) Sam Zanders, Deputy Warden of Care and Treatment at TSP; (3) Marie Yawn, a Medical Administrator at TSP; and (4) Murray Cheney, a doctor at

TSP.[1]  (See doc. no. 11, pp. 1, 4.)  Because Plaintiff is proceeding IFP, the Court screened his amended complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  By Order dated November 17, 2014, United States District Judge Dudley H. Bowen, Jr., dismissed Defendant Dees from the case.  (Doc. no. 17.)  The Court allowed Plaintiff to proceed with his claim against Defendants Zanders, Yawn, and Cheney for deliberate indifference to a serious medical need.  (Doc. no. 13.)  Defendant Cheney separately filed an answer (doc. no. 22), and the remaining Defendants filed the instant pre-answer motion to dismiss.  With respect to the deliberate indifference claim, the amended complaint alleges the following facts.

On June 26, 2012, Plaintiff sustained an injury to his left hand and wrist that resulted in surgery to amputate two fingers and repair several deep lacerations.  (Doc. no. 11, p. 5.)  When Plaintiff arrived at TSP on July 19, 2012, he had a cast on his left arm and hand, and on July 30, he had the cast removed at a medical facility in Savannah, Georgia.  (Id.)  The doctor in Savannah put Plaintiff's left hand in a soft brace and told him orders for physical therapy and a follow up appointment would be sent to TSP.  (Id. and Ex. 3.)  On August 7, Defendant Cheney and a physical therapist came to Plaintiff's cell for a thirty minute session of exercises with Plaintiff, and Defendant Cheney explained Plaintiff would have two physical therapy sessions per week.  (Id. at 5, 7.)  Nonetheless, neither Defendant Cheney nor the physical therapist returned for a month and a half, despite Plaintiff's repeated inquiries to nurses and submission of sick call slips.  (Id. at 7.)  Plaintiff did not have a follow up appointment in Savannah. (Id. at 9.)

When Dr. Cheney returned to Plaintiff's cell near the end of September 2012 to examine Plaintiff's hand, he asked if Plaintiff had been doing the exercises he had been given because although he would try to help Plaintiff during weekly rounds, Plaintiff must do his own therapy.  (Id. at 7 and Ex. 1.)  The next week, arrangements were made for Plaintiff to be taken to the medical

---

[1] The Court **DIRECTS** the **CLERK** to add Defendant Yawn's first name to the docket.

department for his therapy, but the medical department never sent for him. (Id. at 8.) Plaintiff filed a grievance and wrote a letter to Defendant Zanders complaining that he had not received his physical therapy. (Id. at 9.) Defendant Zanders denied the grievance, explaining Plaintiff had been seen by medical staff and instructed on what exercises to do for his hand. (Id. and Ex. 2.)

Plaintiff then transferred out of TSP for one week to go to court, and upon his return to TSP on October 11, 2012, a physical therapist examined his hand and said Plaintiff "needed physical therapy badly." (Id. at 10.) Plaintiff was then assigned a cell in the medical department, and his physical therapy was to begin the next week. (Id.) However, the air conditioning was too cold for Plaintiff in the medical department, and on October 16, he asked to be moved to another cell. (Id.) Prison officials accommodated Plaintiff's request, but because TSP was on lockdown, Plaintiff could not leave his new cell to attend physical therapy. (Id. at 11.)

The following week, Dr. Cheney told Plaintiff he could not go to physical therapy because he had been masturbating in front of the nurses. (Id.) Plaintiff denied the accusation and pointed out that he had no disciplinary referrals on file for masturbating. (Id.) Plaintiff wrote a letter to former Defendant Dees about his inability to get physical therapy and the false accusations about masturbating. (Id. at 11-12 and Ex. 4.) She forwarded Plaintiff's letter to Defendant Yawn, with a notation that if Plaintiff did not have a disciplinary referral for masturbation, "he gets same physical therapy as other inmates." (Id.) However, Defendant Yawn "did not stop Dr. Cheney in his pligh[t] to cover up what he had done." (Id. at 12.) Plaintiff can no longer use his left hand, and he seeks compensatory and punitive damages from each Defendant. (Id. at 6, 12.)

## II. DISCUSSION

Because Judge Bowen already dismissed Defendant Dees from this case, (doc. no. 17), the Court will confine its discussion to Defendants Zanders and Yawn. These two Defendants assert that they should be dismissed from this case because (1) Plaintiff's allegations against

3

them are insufficient to subject them to supervisory liability for deliberate indifference, and (2) they are entitled to qualified immunity. (See doc. no. 23-1.) As explained below, Defendants' motion to dismiss should be granted.

### A.  Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The court must accept as true all facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further

factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). With these principles in mind, the Court turns its attention to the instant motion to dismiss.

### B. Defendants Zanders and Yawn Cannot Be Held Liable Based on a Theory of Supervisory Liability.

Plaintiff's amended complaint fails to state a claim against Defendants Zanders and Yawn – a deputy warden of care and treatment and a medical administrator, respectively - because he is attempting to hold them liable merely because of their supervisory positions at TSP. In other words, Plaintiff improperly attempts to hold these two Defendants responsible for the acts of Defendant Cheney. However, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold either Defendant Zanders or Defendant Yawn liable, Plaintiff must demonstrate that either (1) they actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional

5

violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff has not alleged that either person actually participated in the alleged deliberate indifference.  Rather, he alleges he wrote a letter to Defendant Zanders because as a deputy warden of care and treatment, "it is [his] job description to see inmates are treated fairly." (Doc. no. 11, p. 9).  He also alleges that Defendant Zanders was the person who denied his grievance with the explanation that Plaintiff had been seen by medical staff who provided exercise instructions for his hand.  (Id. at 9 and Ex. 2.)  Similarly, as to Defendant Yawn, Plaintiff merely states in conclusory fashion that she is liable because she "had some form to authorize my receiving physical therapy."  (Id. at 12.)

Nowhere does Plaintiff allege that these two Defendants were the individuals responsible for making the medical determination as to which inmates need physical therapy, let alone for evaluating Plaintiff's hand and determining whether he needed physical therapy under medical supervision or could perform his exercises by himself as they were explained to him by Defendant Cheney and a physical therapist on August 7, 2012.  Indeed, Plaintiff acknowledges in his amended complaint that Defendant Cheney, "who is the head medical doctor at Telfair State Prison was responsible for seeing that [his] physical therapy was ordered and conduct[ed] accordingly."  (Doc. no. 11, p. 5.)  Plaintiff also acknowledges that Defendant Cheney and a physical therapist, not Defendant Zanders or Yawn, were the ones directly involved with the physical therapy and follow-up visits.  (Id. at 5, 7-8.)  Courts have recognized that supervisory prison officials who are not medical professionals must rely on the decisions of trained medical practitioners regarding care provided to inmates.  See Rutledge v. Lift, CV 307-055, 2009 WL

2842739, at *8 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.).

Nor has Plaintiff alleged the requisite causal connection between these two Defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff merely alleges that he wrote a letter and/or a grievance about missing his physical therapy, but Defendants Zanders and Yawn did not act in accordance with his requested relief. Plaintiff comes nowhere close to showing a widespread problem with the allegations in his amended complaint, let alone putting these two supervisory Defendants on notice of such a problem, even if he did file a grievance or send a letter about the particular problem he was having with Defendant Cheney. Moreover, Plaintiff does not show that the supervisors were directly

involved with Plaintiff's alleged claims simply by stating he filed a grievance or they viewed a letter he wrote. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter) (Bowen, J.); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

In sum, Plaintiff has not shown Defendants Zanders or Yawn actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, the motion to dismiss should be granted, and these two Defendants should each be dismissed from the case. As Plaintiff has improperly attempted to hold Defendants Zanders and Yawn liable based solely on their supervisory positions, the Court need not reach the qualified immunity argument.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that Defendants Zanders and Yawn be **DISMISSED** from this case, and that the case proceed only as to the Eighth Amendment claim for deliberate indifference against Defendant Cheney. The Court further **REPORTS** and **RECOMMENDS** that if the presiding District Judge adopts this recommendation, the stay of discovery imposed in this case should be lifted, (doc. no. 27), and the Clerk should issue an appropriate Scheduling Notice.

SO REPORTED and RECOMMENDED this 31st day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA