IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JERMAINE R. REVERE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-031 |
| | ) | |
| DR. DAVID CHENEY, Medical Director, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff commenced the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia. The matter is now before the Court because Plaintiff filed a "Request for the Federal Rules of Civil Procedure," in which he asks the Clerk of Court "to produce" the Rules regarding sending a subpoena to a witness to answer interrogatories. (Doc. no. 41.) The filing does not contain a certificate of service, as is required by Local Rule 5.1, showing that his motion was served on defense counsel. Plaintiff previously received instructions about the requirements for his filings, including the necessity for a certificate of service. (See doc. no. 13.) Accordingly, the Court **DENIES** Plaintiff's motion (doc. no. 41) based on the failure to comply with the service requirement of Local Rule 5.1. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (affirming summary denial of motion for failure to comply with Local Rules).

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Even if the motion were not subject to summary denial based on failing to comply with the Local Rules, Plaintiff is not entitled to free copies of rules from the Court. Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ."); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents, including his own pleadings."). The Court provided Plaintiff with instructions about how to conduct discovery, including an explanation that sending interrogatories to defense counsel is a practical method of discovery for *pro se* litigants. (Doc. no. 13, p. 5 (citing Fed. R. Civ. P. 33).) Moreover, pursuant to a standing Order in the Southern District of Georgia, "Subpoenas will not be issued to any party litigant who is incarcerated in a jail or prison. In such cases, arrangements will be made for the attendance of necessary witnesses and the production of necessary documents through other means." In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996). Thus, Plaintiff is not entitled to have subpoenas issued to him.

SO ORDERED this 8th day of May, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

`