# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### DUBLIN DIVISION

JERMAINE R. REVERE, )
)
      Plaintiff, )
)
    v. )      CV 314-031
)
DR. DAVID CHENEY, Medical Director, )
)
      Defendant. )

_____

## O R D E R

_____

    Plaintiff commenced the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison ("TSP") in Helena, Georgia. The matter is now before the Court because Plaintiff filed a "Motion For An Order Compelling Discovery," in which he seeks an order compelling Defendant Cheney to obtain responses to interrogatories Plaintiff has directed to a non-party witness who no longer works at TSP. (Doc. no. 44.) The filing does not contain a certificate of service, as is required by Local Rule 5.1, showing that his motion was served on defense counsel. Nor does it contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel.

    Plaintiff previously received instructions on multiple occasions about the requirements for his filings, including the necessity for a certificate of service in accordance with Local Rule 5.1. (See doc. nos. 13, 42.) Even if Plaintiff had included a certificate of service, the motion to

compel also runs afoul of Local Rule 26.5, about which the Court previously informed Plaintiff:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 13, pp. 5-6.)

The duty-to-confer prerequisite is not an empty formality. <u>Merritt v. Marlin Outdoor Advert. Ltd.</u>, CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. <u>See</u> <u>Holloman v. Mail-Well Corp.</u>, 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); <u>Haynes v. JPMorgan Chase Bank, N.A.</u>, 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); <u>see also</u> <u>Layfield v. Bill Heard Chevrolet Co.</u>, 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion). Accordingly, the Court **DENIES** Plaintiff's motion (doc. no. 44) based on the failure to comply with the service requirement of

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Local Rule 5.1 and the good faith requirement of Local Rule 26.5, which incorporates the requirements of the Federal Rules of Civil Procedure.

Even if the motion were not subject to summary denial based on failing to comply with the Local Rules, Federal Rule of Civil Procedure 33, which governs the use of interrogatories, provides that "a party may serve *on any other party* no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1)(emphasis added). Plaintiff states that he is trying to compel answers to twenty-two interrogatories directed to "Witness Lt. Young." (Doc. no. 44, Att. 1.) Lt. Young is not a party to this lawsuit, and therefore Plaintiff cannot compel Defendant Cheney, who is a party, to provide answers to interrogatories directed to a non-party. As noted above, the Court provided Plaintiff with instructions about how to conduct discovery, including sending interrogatories "to a party." (Doc. no. 13, p. 5 (citing Fed. R. Civ. P. 33).) As Plaintiff acknowledges that Lt. Young is a witness, not a party, he implicitly concedes that his motion to compel directed to Defendant Cheney is improper.

SO ORDERED this 27th day of July, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA